UZZI O. RAANAN (State Bar No. 162747)
uraanan@dgdk.com
DANNING, GILL, DIAMOND & KOLLITZ, LLP
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067-4402
Telephone:  (310) 277-0077
Facsimile:   (310) 277-5735

Attorneys for John J. Menchaca,
Chapter 7 Trustee

JOHN J. MENCHACA
jmenchaca@menchacacpa.com
835 Wilshire Boulevard, Suite 300
Los Angeles, CA 90017
Telephone: (213) 683-3317

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TIFKAH, fka THE HOUSE RESEARCH INSTITUTE,<br><br>Debtor. | Case No. 2:14-bk-21532-RK<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY DRACHT LLP, AS SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE ON A CONTINGENCY FEE BASIS SUBJECT TO MODIFICATION UNDER 11 U.S.C. § 328; STATEMENT OF DISINTERESTEDNESS IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

      **NOTICE IS HEREBY GIVEN** that John J. Menchaca, the Chapter 7 trustee (the "Trustee" or "Applicant") for the estate of House Research Institute, a California non-profit public benefit corporation fka House Ear Institute (the "Debtor"), seeks an order authorizing

1400249.1  26188                               1

1  him to employ the Law Office of Philip Dracht, as his special litigation counsel (the
2  "Application"), on a contingency fee basis under 11 U.S.C. § 328, to prosecute claims and causes
3  of action for breach of contract with respect to individuals who defaulted on payment of prepetition
4  charitable pledges made to the Debtor.
5      The Trustee submits this Application pursuant to Rule 2014 of the Federal Rules of
6  Bankruptcy Procedure ("F.R.B.P.") and Local Bankruptcy Rule ("LBR") 9013-1 and, pursuant
7  thereto, no hearing is required on the Application, unless requested by a party-in-interest.
8      The Application is based upon this notice, the attached Application, the complete files and
9  records of this case, the attached Statement of Disinterestedness, and upon such other evidentiary
10 matters as may be presented to the Court.
11     **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-
12 1(o)(1), the deadline to file and serve a written response and request a hearing is 14 days after the
13 date of service of this notice, plus 3 additional days if you were served by mail or pursuant to
14 Federal Rule of Civil Procedure 5(b)(2)(D) or (F).  Any response or opposition to the Application
15 and the request for hearing must be filed with the Bankruptcy Court and served on the United
16 States Trustee, at 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017, the Trustee at his
17 address on the upper left-hand corner of this Notice, and the Trustee's counsel, Uzzi O. Raanan, at
18 Danning, Gill, Diamond & Kollitz, LLP, 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA
19 90067-4402.
20     If you fail to comply with this deadline, the Court may treat such failure as a waiver of your
21 right to oppose the Application and may grant the requested relief.
22
23 DATED: March 17, 2017    DANNING, GILL, DIAMOND & KOLLITZ, LLP
24
25     By: _/s/ Uzzi O. Raanan_
26     UZZI O. RAANAN
    Attorneys for John J. Menchaca,
27     Chapter 7 Trustee
28 DATE OF MAILING: March 17, 2017

1400249.1  26188    2

# MEMORANDUM OF POINTS AND AUTHORITIES

John J. Menchaca, the Chapter 7 Trustee herein ("Applicant" or the "Trustee"), represents as follows:

**A.    The Bankruptcy Filing**

1. This case was commenced on or about June 12, 2014 (the "petition date"), when House Research Institute, a California non-profit public benefit corporation fka House Ear Institute (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Case" or "Estate").

2. The Debtor was a non-profit 501(c)(3) organization based in Los Angeles, California, dedicated to advancing hearing science through research and education to improve quality of life. The Debtor was established in 1946 as the Los Angeles Foundation of Otology, and later renamed for its founder, the House Research Institute and has been engaged in the scientific exploration of the auditory system from the ear canal to the cortex of the brain for over 62 years.

3. John J. Menchaca accepted appointment as the Chapter 7 Trustee for the Debtor's estate and continues to serve in that capacity for the benefit of the creditors.

**B.    The Trustee's Employment of Danning-Gill**

4. Danning, Gill, Diamond & Kollitz, LLP ("Danning-Gill") was employed as the Trustee's general bankruptcy counsel to investigate and evaluate, among other things, the Debtor's financial affairs and transactions, including Debtor's interests in endowed funds, and any other claims or assets of the Estate, as well to assist the Trustee with such other investigations and take such other legal actions that may be necessary and appropriate, as set forth in Danning-Gill's employment application (*docket no. 13*).

**C.    The Trustee's Employment of The Law Offices of Philip Dracht**

5. Applicant has determined that three donors pledged to make specific charitable contributions to the Debtor prepetition. The pledges were to be made over a period of years, with some of the pledgors making some of the promised payments. However, all three donors stopped making payments on their pledges prepetition.

1400249.1  26188

3

6. The Trustee made demands to all three pledgors for payment of the unpaid pledges. When they refused, Trustee determined that it was necessary to employ special litigation counsel to pursue claims and causes of action for breach of contract relating to the defaulted charitable pledges against those individuals (the "Litigation"). Applicant communicated with The Law Offices of Philip Dracht ("Dracht" or "Attorney") regarding its representation of the Trustee as his counsel in the Litigation, and Dracht agreed to represent the Trustee on a contingency fee basis.

7. In connection therewith, Dracht filed that certain Complaint on behalf of Applicant asserting claims for alleged breach of contract against certain prepetition pledgors, commencing Adversary Proceeding No. 2:16-ap-01266-TD (the "Adversary Proceeding").

D. **Whether Professional seeks Compensation Pursuant to 11 U.S.C. § 328 or § 330:**

8. Dracht agreed to represent the Trustee on a contingency fee basis and seek compensation pursuant to section 328, with such employment subject to the approval of this Court, the arrangements of which are set forth in the following paragraph.

E. **Arrangements for Compensation:**

9. **HOURLY AND CONTINGENCY FEES.** Other than as expressly set forth below with respect to the Contingency Fees, Dracht's fees are based on the nature of the work, the time involved, the customary rates charged for such services, the results obtained, and similar factors that our profession has recognized as appropriate for consideration in determining a fee.

(a) Hourly Fees. Dracht has agreed to be compensated for its attorneys' fees based on a Contingency Fee, as detailed below. However, if the Trustee resolves the claims brought in the litigation that is the subject of this agreement in conjunction with any other settlement involving another litigation matter in the Bankruptcy Case, Dracht will be paid for actual legal services it provides in this case on an hourly-fee basis, at the rate of $500.00 per hour (the "Hourly Fee"), which time is measured on a .10 of one hour increments. Dracht agrees to submit to the Trustee and his general counsel Danning-Gill, monthly time statements and to keep the Trustee and his general counsel informed as to time expenditures prior to incurring the time. In the event the

claims in the litigation handled by Dracht are resolved separate and apart from any other claims asserted by the Trustee in other adversary actions, Dracht shall receive compensation for its services on a contingency fee basis only.

(b) <u>Contingency Fees</u>. Other than as stated above, Dracht will be compensated for attorneys' fees related to legal services rendered in this case on a contingency fee basis only, and only if Dracht obtains recovery for the Trustee. If no recovery is obtained, than no attorney fees will be charged and the Trustee will only be obligated to pay for costs, disbursements and expenses, as described herein. The attorneys' fees to be paid will be a percentage of the gross recovery, depending on the stage at which the settlement or judgment is reached. The term "gross recovery" means the gross amount of any recovery paid to the Trustee or other economic non-cash benefits conferred before deduction of any unpaid costs or expenses. In the event there is no amount recovered, Trustee shall have no obligation to pay any attorneys' fees, or reimburse costs to Dracht.

(c) Dracht will receive the following Contingency Fees based on any recovery it obtains with regard to the above-identified services: (a) 33% of the recovery, if such recovery is received or stipulated to before trial; (b) 40% of the recovery, if such a recovery is received or stipulated to after the commencement of trial but before an appeal has been filed; and (c) 45% if the recovery occurs after the case continues to post-judgment appeal.

10.    **COSTS, LITIGATION, EXPERT FEES, AND EXPENSES.** Costs and expenses are defined and include, but are not limited to, the following: All costs, expenses, disbursements and litigation expenses associated with this matter, including court filing fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying, facsimile charges, deposition costs, parking, mileage (calculated at IRS reimbursement rates at the time the costs are paid), investigation expenses, consultants' fees, expert witness related fees and expenses, trial preparation and related exhibit expenses, jury fees, reporter fees, actual trial related expenses and other similar items. All costs and expenses will be charged at Attorney's cost. The Trustee may be

required to make a deposit for costs (estimated or realized) before the expenditure is made by Dracht. The Trustee authorizes Dracht to incur all reasonable above-indicated costs at Dracht's sole good faith discretion. In the event that an award of costs is sought on the Trustee's behalf in the Litigation, the Trustee understands that the amount which the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine or reflect what costs Dracht is entitled to charge the Trustee or that only the costs which were allowed were reasonable.

11. Any settlement reached with respect to the Adversary Proceeding is subject to Bankruptcy Court approval. After the filing by the Trustee of a motion to approve any settlement of the Adversary Proceeding and upon Bankruptcy Court approval of the same, Dracht shall receive payment of its contingency fee and reimbursement of its costs and expenses referenced above from any such recovery, without the need to file a fee application. In addition, Dracht has agreed that its compensation may be modified under 11 U.S.C. § 328, if so warranted. Dracht is seeking compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330.

12. Applicant believes that the employment of the Dracht in the best interests of the estate and the creditors. Applicant is informed and believes that Dracht is an experienced firm and well qualified to perform the requisite legal services as special litigation counsel and its lawyers are licensed to practice law before all State, Federal and District Courts in California. It is familiar with the rules regarding procedure and evidence. Dracht represents a wide variety of clients in business litigation matters. Under such circumstances, Applicant believes that the employment of Dracht is prudent.

F. **Dracht's Eligibility for Employment**

13. As of the date of this Application, to the best of Applicant's knowledge and after consideration of the disclosures in the attached Statement of Disinterestedness, Applicant believes

that Dracht and all of its partners and associates are disinterested persons as that term is defined in 11 U.S.C. § 101(14), Dracht, nor any partners or associates of Dracht, are connected with Applicant, the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of the Court or any relation to the United States Trustee in this district, or any person employed at the Court or the Office of the United States Trustee, nor does the Firm or its attorneys represent or hold an adverse interest with respect to the Debtor, any creditor, or to this estate for which Dracht is proposed to be retained.

WHEREFORE, Applicant prays for an order authorizing him to employ The Law Office of Philip Dracht as his special litigation counsel on a contingency fee basis under 11 U.S.C. § 328, as an administrative expense of the estate and upon the terms and conditions in this Application, and for such other and further relief as is just and proper.

DATED: March 16, 2017

_____
JOHN J. MENCHACA
Chapter 7 Trustee

1400249.1 26188

7

# STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
# OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1. Name, address and telephone number of the professional ("the Professional" or "Dracht") submitting this Statement:

THE LAW OFFICE OF PHILIP DRACHT
15 W. Carrillo St.
Santa Barbara, CA  93202
pdracht@drachtlaw.com
Telephone:  (805) 979-8802
Facsimile:  (805) 613-6607

Attached hereto as Exhibit "1" and incorporated by reference herein, is a copy of the resume for Dracht.

2. The services to be rendered by the Professional in this case are (specify): See ¶ 6 in the within application.

3. The terms and source of the proposed compensation and reimbursement of the Professional are (specify):

The Trustee proposes to retain Professional on a contingency fee basis as follows:

1. HOURLY AND CONTINGENCY FEES. Other than as expressly set forth below with respect to the Contingency Fees, Dracht's fees are based on the nature of the work, the time involved, the customary rates charged for such services, the results obtained, and similar factors that our profession has recognized as appropriate for consideration in determining a fee.

(a) Hourly Fees. Dracht has agreed to be compensated for its attorneys' fees based on a Contingency Fee, as detailed below. However, if the Trustee resolves the claims brought in the litigation that is the subject of this agreement in conjunction with any other settlement involving another litigation matter in the Bankruptcy Case, Dracht will be paid for actual legal services it provides in this case on an hourly-fee basis, at the rate of $500.00 per hour (the "Hourly Fee"), which time is measured on a .10 of one hour increments. Dracht agrees to submit to the Trustee and his general counsel Danning-Gill, monthly time statements and to keep the Trustee and his general counsel informed as to time expenditures prior to incurring the time. In the event the claims in the litigation handled by Dracht are resolved separate and apart from any other claims asserted by the Trustee in other adversary actions, Dracht shall receive compensation for its services on a contingency fee basis only.

(b) Contingency Fees. Other than as stated above, Dracht will be compensated for attorneys' fees related to legal services rendered in this case on a contingency fee basis only, and only if Dracht obtains recovery for the Trustee. If no recovery is obtained, then no attorney fees will be charged and the Trustee will only be obligated to pay for costs, disbursements and expenses, as described herein. The attorneys' fees to be paid will be a percentage of the gross recovery, depending on the stage at which the settlement or judgment is reached. The term "gross recovery" means the gross amount of any recovery paid to the Trustee or other economic non-cash benefits conferred before deduction of any unpaid costs or expenses. In the event there is no amount recovered, Trustee shall have no obligation to pay any attorneys' fees, or reimburse costs to Dracht.

(c) Dracht will receive the following Contingency Fees based on any recovery it obtains with regard to the above-identified services: (a) 33% of the recovery, if such recovery is

1400249.1  26188                                         8

received or stipulated to before trial; (b) 40% of the recovery, if such a recovery is received or stipulated to after the commencement of trial but before an appeal has been filed; and (c) 45% if the recovery occurs after the case continues to post-judgment appeal.

    2. COSTS, LITIGATION, EXPERT FEES, AND EXPENSES. Costs and expenses are defined and include, but are not limited to, the following: All costs, expenses, disbursements and litigation expenses associated with this matter, including court filing fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying, facsimile charges, deposition costs, parking, mileage (calculated at IRS reimbursement rates at the time the costs are paid), investigation expenses, consultants' fees, expert witness related fees and expenses, trial preparation and related exhibit expenses, jury fees, reporter fees, actual trial related expenses and other similar items. All costs and expenses will be charged at Attorney's cost. The Trustee may be required to make a deposit for costs (estimated or realized) before the expenditure is made by Dracht. The Trustee authorizes Dracht to incur all reasonable above-indicated costs at Dracht's sole good faith discretion. In the event that an award of costs is sought on the Trustee's behalf in the Litigation, the Trustee understands that the amount which the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine or reflect what costs Dracht is entitled to charge the Trustee or that only the costs which were allowed were reasonable.

    3. "After the filing by the Trustee of a motion to approve any settlement of the Litigation and upon Bankruptcy Court approval of the same, Dracht shall receive payment of its contingency fee and reimbursement of its costs and expenses referenced above from any such recovery, without the need to file a fee application. In addition, Dracht has agreed that its compensation may be modified under 11 U.S.C. § 328, if so warranted. Dracht is seeking compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330."(See ¶10).

    4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify): None

    5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify): Conflicts check

    6. The following is a complete description of all of the Professional's connections with the Chapter 7 trustee, the debtor, principals of the debtor, counsel for the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

None.

    7. The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary): None

    8. The Professional is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the debtor or of any investment banker for any security of the debtor.

    9. The Professional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or any investment banker for any security of the debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary): None

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Philip D. Dracht
Partner
THE LAW OFFICE OF PHILIP DRACHT
15 W. Carrillo St.
Santa Barbara, CA  93202
pdracht@drachtlaw.com
Telephone:   (805) 979-8802
Facsimile:    (805) 613-6607

11. The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

None

12. Total number of attached pages of supporting documentation: 1

13. After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 9 are stated on information and belief.

Executed on March 16, 2017, at ~~Los Angeles~~ Santa Barbara, California.

_____
PHILIP D. DRACHT

1400249.1 26188

10

EXHIBIT 1

# THE LAW OFFICE OF PHILIP DRACHT



PDRACHT@DRACHTLAW.COM

Office 805-979-8802
Fax 805-613-6607

15 W. Carrillo St.
Santa Barbara, California 93101

www.drachtlaw.com

## BIOGRAPHY

Philip D. Dracht has over 15 years of experience in a practice focused on commercial litigation with a focus on banking and consumer finance litigation, including complex litigation and class action lawsuits.

Mr. Dracht has been appointed lead counsel in class actions and in FLSA collective actions. As co-lead counsel, Mr. Dracht recently obtained a $17.5 million dollar recovery for a nationwide class of consumers in an action against a prominent multi-level-marketing company.

Mr. Dracht has extensive banking law experience.  He has represented some of the nation's largest banks and has extensive experience with litigation involving the Truth in Lending Act, Home Equity Protections Act, Home Affordable Modification Program and Real Estate Settlement Procedures Act.

Mr. Dracht practices complex litigation. In this role, his experience ranges from multi-party construction litigation to protracted disputes between minority/majority owners of electrical power plants.  While Mr. Dracht has represented some of the largest companies in mining and the utility industries, he prefers to focus his practice on the "little guy" who is being unfairly treated by big players.

Mr. Dracht earned his law degree at the University of Michigan, and obtained his bachelor's degree from Calvin College. He is licensed to practice in the state and federal courts of Utah and California.

## PROFESSIONAL

Admitted: California State Bar, Utah State Bar, all California and Utah State Courts, 10th Circuit Court of Appeals Federal Circuit Court of Appeals, the U.S. District Courts for the Northern District of California, the Central District of California, and the Southern District of California, U.S. District Court, District of Utah

## EDUCATION

J.D. University of Michigan, 2001

B.S. Degree, Calvin College, 1997, majoring in philosophy, history, and political science

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

**CHAPTER 7 TRUSTEE'S NOTICE OF APPLICATION AND APPLICATION TO EMPLOY DRACHT LLP, AS SPECIAL LITIGATION COUNSEL FOR CHAPTER 7 TRUSTEE ON A CONTINGENCY FEE BASIS SUBJECT TO MODIFICATION UNDER 11 U.S.C. § 328; STATEMENT OF DISINTERESTEDNESS IN SUPPORT THEREOF**
] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 17, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On March 17, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 17, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY ON March 20, 2017
The Honorable Thomas B. Donovan
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1352
255 E. Temple Street
Los Angeles, CA 90012-3332

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 17, 2017 | Cindy Cripe | *Cindy Cripe* (signature) |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**

<u>ADDITIONAL SERVICE INFORMATION (if needed)</u>:

**1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

C John M Melissinos on behalf of Defendant WALLIS ANNENBERG, an individual; Defendant JOHN THOMAS, an individual; Defendant PATRICIA MOLLER, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant DERALD E. BRACKMAN, an individual;  Defendant EDWARD P. ROSKI, an individual; Defendant TINA CARUSO, an individual; Defendant STEPHEN CHANDLER, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant LYNN BOOTH, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant CATHERINE MEYER, an individual; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant PETER WU, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant JOAN G. FLAX, an individual; Defendant DAVID H. KOCH, an individual; Defendant ROBERT G. HAYMAN, an individual; Defendant MALCOLM CUTLER, JR., an individual; Defendant JOHN W. HOUSE, an individual; Defendant David Z D'Argenio; Defendant JAMES S. TWERDAHL, an individual; Defendant William B Witte; Interested Party EDWARD P. ROSKI, an individual;jmelissinos@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

Daniel Denny on behalf of Creditor RP WIP LA Med Office Lender L.L.C. ddenny@gibsondunn.com
Danielle A Pham on behalf of Interested Party Wolfson Dynamic Hearing, Pty Limited dpham@gordonsilver.com

Eric D Winston on behalf of Defendant WALLIS ANNENBERG, an individual; Defendant William B Witte Defendant LAURENCE G. PREBLE, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant JOAN G. FLAX, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant; STEPHEN CHANDLER, an individual; Defendant David Z D'Argenio; Defendant MALCOLM CUTLER, JR., an individual; Defendant JOHN THOMAS, an individual; Defendant CATHERINE MEYER, an individual; Defendant Rick Caruso; Defendant WILLIAM LUXFORD, an individual; Defendant DERALD E. BRACKMAN, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant LYNN BOOTH, an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant JOHN W. HOUSE, an individual; Defendant ROBERT G. HAYMAN, an individual; Defendant DAVID H. KOCH, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant PATRICIA MOLLER, an individual; Defendant PETER WU, an individual; Eric D Winston on behalf of Defendant TINA CARUSO, an individual ericwinston@quinnemanuel.com

Gary F Torrell on behalf of Interested Party Courtesy NEF gft@vrmlaw.com

James P Menton, JR on behalf of Defendant STEPHEN CHANDLER, an individual JPMenton@rkmc.com
James P Menton, JR on behalf of Defendant ROBERT G. HAYMAN, an individual; Defendant William B Witte; Defendant TINA CARUSO, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant JOHN W. HOUSE, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant DERALD E. BRACKMAN, an individual; Defendant David Z D'Argenio; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant JOAN G. FLAX, an individual; Defendant JOHN THOMAS, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant LYNN BOOTH, an individual; Defendant PETER WU, an individual; Defendant PATRICIA MOLLER, an individual; Defendant WALLIS ANNENBERG, an individual; Defendant CATHERINE MEYER, an individual; Defendant MALCOLM CUTLER, JR., an individual; Defendant EDWARD P. ROSKI, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant DAVID H. KOCH, an individual JPMenton@rkmc.com;

Jeffery D Hermann on behalf of Defendant JOAN G. FLAX, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant William B Witte; Defendant MALCOLM CUTLER, JR., an individual; Defendant TINA CARUSO, an individual; Defendant JOHN THOMAS, an individual; Defendant ROBERT G. HAYMAN, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant CHARLOTTE

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

SCHAMADAN, an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant WALLIS ANNENBERG, an individual; Interested Party DAVID H. KOCH, an individual; Defendant PATRICIA MOLLER, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant PETER WU, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant JOHN W. HOUSE, an individual; Defendant STEPHEN CHANDLER, an individual; Defendant LYNN BOOTH, an individual; Defendant DERALD E. BRACKMAN, an individual; Defendant DAVID H. KOCH, an individual; Defendant CATHERINE MEYER, an individual; Defendant David Z D'Argenio; Defendant WILLIAM LUXFORD, an individual jhermann@orrick.com

John H Choi on behalf of Interested Party Courtesy NEF johnchoi@kpcylaw.com, christinewong@kpcylaw.com

John J Menchaca (TR) jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com

Jon L Dalberg on behalf of Debtor TIFKAH jdalberg@lgbfirm.com; kalandy@lgbfirm.com; srichmond@lgbfirm.com;cboyias@lgbfirm.com;sdeiches@lgbfirm.com;mmocciaro@lgbfirm.com

Jonathan Guy on behalf of Defendant DERALD E. BRACKMAN, an individual; Defendant LYNN BOOTH, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant William B Witte; Defendant CATHERINE MEYER, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant ROBERT G. HAYMAN, an individual; Defendant David Z D'Argenio; Defendant WALLIS ANNENBERG, an individual; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant PATRICIA MOLLER, an individual; Defendant JOHN THOMAS, an individual; Defendant JOHN W. HOUSE, an individual; Defendant MALCOLM CUTLER, JR., an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant DAVID H. KOCH, an individual; Defendant PETER WU, an individual; Defendant JOAN G. FLAX, an individual; Defendant STEPHEN CHANDLER, an individual Defendant TINA CARUSO, an individual; Defendant LAURENCE G. PREBLE, an individual , nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Mary H Rose on behalf of Interested Party House Clinic Foundation; Interested Party House Ear Institute mrose@buchalter.com,

Pamela Kohlman Webster on behalf of Interested Party Courtesy NEF pwebster@buchalter.com, smartin@buchalter.com

Philip D Dracht on behalf of Plaintiff JOHN J MENCHACA pdracht@drachtlaw.com
Philip D Dracht on behalf of Trustee John J Menchaca (TR) pdracht@fabianlaw.com

Richard W Brunette on behalf of Defendant ROBERT G. HAYMAN, an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant WALLIS ANNENBERG, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant PATRICIA MOLLER, an individual; Defendant JOHN W. HOUSE, an individual; Defendant JOHN THOMAS, an individual; Defendant STEPHEN CHANDLER, an individual; Defendant LYNN BOOTH, an individual; Defendant JAMES D. BOSWELL, an individual Defendant DERALD E. BRACKMAN, an individual; Defendant William B Witte; Defendant TINA CARUSO, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant PETER WU, an Defendant CARMEN PULIAFITO, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant CATHERINE MEYER, an individual; Defendant TOMILEE TILLEY GILL, an individual Defendant JOAN G. FLAX, an individual; Interested Party WALLIS ANNENBERG, an individual Defendant DAVID H. KOCH, an individual; Defendant David Z D'Argenio; Defendant MALCOLM CUTLER, JR., an individual;rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Robert J Becher on behalf of Defendant WALLIS ANNENBERG, an individual; Robert J Becher on behalf of Defendant Rick Caruso; Defendant LYNN BOOTH, an individual; Defendant DAVID H. KOCH, an individual; Defendant JOHN W. HOUSE, an individual; Defendant JOAN G. FLAX, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant JOHN THOMAS, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant CARMEN PULIAFITO, an individual; Defendant TINA CARUSO, an individual; Defendant David Z D'Argenio; Defendant CATHERINE MEYER, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant ROBERT G. HAYMAN, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant PATRICIA MOLLER, an individual; Defendant CHARLOTTE SCHAMADAN, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant DERALD E. BRACKMAN, an individual; Defendant PETER WU, an individual; Defendant William B Witte; Defendant MALCOLM CUTLER, JR., an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant STEPHEN CHANDLER, an individual

Samuel A Newman on behalf of Creditor RP WIP LA Med Office Lender L.L.C. snewman@gibsondunn.com

Steven Gentry on behalf of Defendant CHARLOTTE SCHAMADAN, an individual; Defendant JOHN THOMAS, an individual; Defendant FOREST G. SMITH, III, an individual; Defendant David Z D'Argenio; Defendant JOAN G. FLAX, an individual; Defendant WILLIAM LUXFORD, an individual; Defendant TINA CARUSO, an individual; Defendant JAMES S. TWERDAHL, an individual; Defendant LYNN BOOTH, an individual; Defendant PETER WU, an individual; Defendant LAURENCE G. PREBLE, an individual; Defendant MALCOLM CUTLER, JR., an individual; Defendant CARMEN PULIAFITO, an individual; Defendant JOHN W. HOUSE, an individual; Defendant DERALD E. BRACKMAN, an individual; Defendant WALLIS ANNENBERG, an individual; Defendant PATRICIA MOLLER, an individual; Defendant ROBERT G. HAYMAN, an individual; Creditor LYNN BOOTH, an individual Defendant William B Witte ; Defendant DAVID H. KOCH, an individual ; Defendant STEPHEN CHANDLER, an individual; Defendant TOMILEE TILLEY GILL, an individual; Defendant EDWARD P. ROSKI, an individual; Defendant JAMES D. BOSWELL, an individual; Defendant CATHERINE MEYER, an individual sgentry@bergerkahn.com

Steven J Schwartz on behalf of Trustee John J Menchaca (TR) sschwartz@dgdk.com, DanningGill@gmail.com;sschwartz@ecf.inforuptcy.com

Theodore A Cohen on behalf of Interested Party John Tracy Clinic tcohen@sheppardmullin.com, amontoya@sheppardmullin.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Uzzi O Raanan, ESQ on behalf of Other Professional Danning Gill Diamond & Kollitz LLP uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Uzzi O Raanan, ESQ on behalf of Trustee John J Menchaca (TR) uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Walter K Oetzell on behalf of Plaintiff John J Menchaca, Chapter 7 Trustee woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com

Walter K Oetzell on behalf of Trustee John J Menchaca (TR) woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                  F 9013-3.1.PROOF.SERVICE

## 2. SERVED BY U.S. MAIL

*Debtor*
TIFKAH
2100 West 3rd Street
Los Angeles, CA 90057-1944

United States Trustee
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017

REQUEST FOR SPECIAL NOTICE
Attorneys for RP WIP LA MED OFFICE LENDER, L.L.C.,
SAMUEL A. NEWMAN
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

LIST OF 20 LARGEST UNSECURED CREDITORS

Blakely, Sokoloff, Taylor & ZAFM
12400 Wilshire Boulevard
Seventh Floor
Los Angeles, CA 90025

Childrens Tumor Foundation
95 Pine Street, Floor 16
New York, NY 10005-3904

City National Bank
Credit Card Processing Center
File 1365
Pasadena, CA 91199-1355

Cochlear Americas
P O Box 910811
Denver, CO 80291-0811

Epic Hearing Healthcare
3191 W Temple Avenue, Suite 200
Pomona, CA 91768

Fisher Scientific
FILE # 50129
Acct # 370830-001
Los Angeles, CA 90074-0129

Fujitec America Inc.
c/o Cates Peterson LLP
4100 Newport Place
Suite 230
Newport Beach, CA 92660

Galloway
P O Box 3212
Spartanburg, SC 29304-3212

Gates Capital
Attn: Municipal Finance Dept
100 Park Ave 22nd Floor
New York, NY 10017

Hearing Health Foundation
363 Seventh Avenue 10th Floor
New York, NY 10001-3904

Metro Service South
413 NW 69th Street
Vancouver, WA 98668

NF2 Advocure Inc.
1874 Greenhill Drive
Clearwater, FL 33758-2206

Novartis Pharmaceuticals Corp
OTM RESEARCH ALLIANCE
USEH 335
310 E One Health Plaza
East Hanover, NJ 07936-1080

O Ray
2285 E Foothill Blvd
Pasadena, CA 91107

Quality Systems Inc / Nextgen
P O Box 511449
Los Angeles, CA 90051

Saint Vincent Medical Center
2100 West Third Street
Los Angeles, CA 90057

Supreme Graphics Inc.
3403 Jack Northrop Ave
Hawthorne, CA 90250

Westone Laboratories Inc.
P O Box 15100
Colorado Springs, CO 80935

Wilshire Blvd Temple Camp
3663 Wilshire Blvd.
Attn: Rose Livae
Los Angeles, CA 90010-2798

Xerox Capital Services LLC
P O Box 7405
Pasadena, CA 91109-7405

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                             **F 9013-3.1.PROOF.SERVICE**