1  UZZI O. RAANAN (State Bar No. 162747)
   *uraanan@dgdk.com*
2  DANNING, GILL, DIAMOND & KOLLITZ, LLP
   1900 Avenue of the Stars, 11th Floor
3  Los Angeles, California 90067-4402
   Telephone:   (310) 277-0077
4  Facsimile:   (310) 277-5735

5  Attorneys for John J. Menchaca,
   Chapter 7 Trustee

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        LOS ANGELES DIVISION

11 | In re                          | Case No. 2:14-bk-21532-RK
12 |                                 |
   | TIFKAH, fka THE HOUSE RESEARCH  | Chapter 7
13 | INSTITUTE,                      |
   |                                 | **NOTICE OF MOTION AND TRUSTEE'S**
14 |         Debtor.                 | **MOTION FOR APPROVAL OF**
   |                                 | **SETTLEMENT AGREEMENT WITH**
15 |                                 | **RICK CARUSO AND TINA CARUSO;**
   |                                 | **MEMORANDUM OF POINTS AND**
16 |                                 | **AUTHORITIES; DECLARATION OF**
   |                                 | **JOHN J. MENCHACA; AND REQUEST**
17 |                                 | **FOR JUDICIAL NOTICE IN SUPPORT**
   |                                 | **THEREOF**
18 |                                 |
19 |                                 | [No hearing required unless requested pursuant
   |                                 | to LBR 9013-1(o)]
20

21

22

23

24

25

26

27

28

1402075.1  26188                              1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................4

II.     STATEMENT OF FACTS .....................................................................................4

        A.      The Bankruptcy Case.................................................................................4

        B.      The Trustee's Adversary Proceeding.........................................................5

III.    THE SETTLEMENT AGREEMENT ....................................................................6

IV.     ARGUMENT .........................................................................................................9

        A.      Legal Standards for Approval....................................................................9

        B.      Application of the A&C Properties Factors Demonstrates Why the Court
                Should   Approve the Agreement. ...........................................................10

                1.      Probability of Success on the Merits. ..........................................10

                2.      The Difficulty, If Any, In Collection...........................................10

                3.      The Complexity, Expense and Inconvenience of Litigation. .......10

                4.      The Paramount Interests of Creditors. .........................................11

V.      CONCLUSION.....................................................................................................12

DECLARATION OF JOHN J. MENCHACA .................................................................13

REQUEST FOR JUDICIAL NOTICE ............................................................................15

1  **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY**

2  **JUDGE, AND INTERESTED PARTIES:**

3       **PLEASE TAKE NOTICE** that John J. Menchaca, the Chapter 7 trustee (the "Trustee") of

4  the estate (the "Estate") of TIFKAH, fka House Research Institute, a California non-profit public

5  benefit corporation fka House Ear Institute (the "Debtor" or "HRI"), will and hereby does move

6  (the "Motion") the Court for an order approving the Trustee's Settlement Agreement (the

7  "Agreement") with Rick Caruso and Tina Caruso (collectively, the "Settling Party").

8       Settling Party is one of several unrelated defendants named in an Adversary Proceeding

9  filed by the Trustee, who asserts claims for alleged breach of contract.  See Adversary Proceeding

10 No. 2:16-ap-01266-RK (the "Adversary Proceeding").  Settling Party pledged to pay a total of

11 $1,500,000 (the "Pledge") to HRI, a charitable entity engaged in medical research involving

12 hearing disorders, for use in certain research and in consideration for certain building naming

13 rights.  Settling Party agreed to pay the Pledge over a period of ten years, at $150,000 per year.

14 They made 5 payments, the last in 2012, leaving a balance of $750,000.  The Court has previously

15 ruled in response to a Motion to Dismiss the Trustee's Complaint that the latter may only seek

16 payment of pledges coming due prior to the Debtor's bankruptcy filing (June 12, 2014), reducing

17 the Trustee's breach of contract claim against Settling Party to $150,000.

18      The Trustee has negotiated a settlement (the "Agreement") with the Settling Party,

19 resolving the Trustee's Adversary Proceeding claims against the latter and resulting in a $75,000

20 settlement payment to the Estate.  By this Motion, the Trustee seeks approval of the Agreement, a

21 copy of which is attached as Exhibit "1" to the Trustee's attached declaration.

22      **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon the Notice of

23 Motion and Motion, a Memorandum of Points and Authorities, Request for Judicial Notice,

24 Declaration of John J. Menchaca, the papers and pleadings on file in this case, and such other

25 evidence that may be presented to the Court.

26      **PLEASE TAKE FURTHER NOTICE OF THE DEADLINE FOR FILING AND**

27 **SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING, AS FOLLOWS:**

28 Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the

Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing.  [LBR 9013-1(o)(4)]

If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (i) the Motion was properly served, (ii) the response period elapsed, and (iii) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the Bankruptcy Court may use to grant the Motion; and

(3) The Bankruptcy Court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

DATED:  April 6, 2017                    DANNING, GILL, DIAMOND & KOLLITZ, LLP


                                         By: _____
                                             UZZI O. RAANAN
                                             Attorneys for John J. Menchaca, Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee seeks approval of his Agreement with the Settling Party.  Among other things, the Agreement resolves all claims the Trustee may have against the Settling Party with regard to the latter's alleged breach of contract for an unpaid prepetition donation pledged for the year 2013 in the amount of $150,000.  The Settlement Agreement resolves complex and potentially expensive and time-consuming claims against the Settling Party in return for $75,000 in cash.

For the reasons described above, and in the Motion below, it is the Trustee's business judgment that the Agreement terms are fair and reasonable, and will benefit the Debtor's creditors.  For these reasons, and others described more fully below, the Trustee requests that the Court approve the Agreement in its entirety.

## II.

## STATEMENT OF FACTS

### A.    The Bankruptcy Case

On or about June 12, 2014, House Research Institute, a California non-profit public benefit corporation, fka House Ear Institute, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code") in the Central District of California, commencing bankruptcy case no. 2:14-bk-21532-TD (the "Bankruptcy Case").  The Bankruptcy Case was subsequently renamed as *In re TIFKAH (previously known as House Research Institute, fka House Ear Institute, a California non-profit public benefit corporation)*.

The Debtor was a non-profit 501(c)(3) organization based in Los Angeles, California, dedicated to advancing hearing science through research and education.  John J. Menchaca was appointed as the Chapter 7 Trustee for the Debtor's Estate, a position he currently holds.

B. **The Trustee's Adversary Proceeding**

  After investigation, the Trustee determined that certain donors, including the Settling Party, pledged to make specific charitable contributions to the Debtor prepetition. The pledges were to be made over a period of years, with some of the pledgers not making all of the promised payments. The Settling Party stopped making payments on their pledges prepetition.

  The Trustee made demands to Settling Party for payment of the unpaid pledges, which demands were refused. On June 10, 2016, the Trustee filed a Complaint asserting claims for breach of contract against the Settling Party, as well as other unaffiliated defendants, commencing Adversary Proceeding no. 2:16-ap-01266-TD (*adv. docket no. 1*). The Complaint alleged that Settling Party still owed $750,000 with regard to the Pledge.

  The Bankruptcy Case and the Adversary Proceeding have been transferred from the original presiding judge to United States Bankruptcy Judge Robert Kwan, and now bear the numbers 2:14-bk-21532-RK and 2:16-ap-01266-RK, respectively.

  On or about September 2, 2016, the Settling Party filed a motion to dismiss the Complaint (*adv. docket no. 27*).

  On or about November 4, 2016, the Court entered an order which, *inter alia*, dismissed the Complaint against the Settling Party, with leave to amend only as to pledges Settling Party made in 2013. The Court dismissed with prejudice Trustee's claims with respect to pledges due between 2014 and 2017 (*adv. docket no. 43*).

  On or about December 22, 2016, the Trustee filed a First Amended Complaint alleging, *inter alia*, breach of contract by Settling Party for the donation owed in 2013 (*adv. docket no. 50*), in the amount of $150,000.

  The deadline for the Settling Party's to file their pleading responding to the First Amended Complaint, including a second Motion to Dismiss, has been extended to, through and including the date ten (10) days after the entry of any Order by the Court regarding the Agreement (*adv. docket no. 82*).

1    Settling Party disputes all claims set forth in the Complaint and the First Amended

2  Complaint (the "claims"), and have denied and continue to deny any wrongdoing or liability to the

3  Trustee for any such claims asserted therein.

4    Trustee and Settling Party (collectively, the "Parties") therefore entered into discussions

5  seeking to consensually resolve their dispute regarding the claims and the Parties ultimately

6  reached the Agreement set forth herein.

7

8    **III.**

9    **THE SETTLEMENT AGREEMENT**

10    The Agreement was reached through arm's length negotiations.  Without limiting in any

11  way the specificity of the Agreement between the Parties, a complete copy of which is attached to

12  the Declaration of John J. Menchaca as Exhibit "1," the salient terms of the Agreement are

13  summarized as follows:

14

15    **2.    Settlement Payment and Dismissal**

16    (a)    The Closing Date shall be on the fifteenth day following the
entry of a bankruptcy court order granting the motion for approval of
17  this Agreement without an appeal of said order having been filed or a
stay of such order having been granted, or on the fifteenth day after
18  an un-stayed appeal of said order has resulted in affirmance of the
order, unless that date is a Saturday, Sunday, or legal holiday, in
19  which case the Closing Date shall be the next day following which is
not a Saturday, Sunday, or legal holiday.

20
(b)    On or before the Closing Date,  the Defendants shall cause to
21  be paid $75,000.00 to Plaintiff (the "Settlement Payment").

22    (c)    The Parties expressly acknowledge and agree that the
Settlement Payment (a) is the result of good faith negotiations
23  conducted by and between the Parties; (b) resolves all claims by
Plaintiff for damages or other payment or compensation and
24  attorneys' fees and costs against Defendants in the Adversary
Proceeding; (c) is the sole and entire consideration paid and to be
25  paid by Defendants to Plaintiff regarding the Adversary Proceeding
and all Released Claims (as defined below); and (d) constitutes fair
26  and reasonable consideration for the release of any and all such
claims.

27
(d)    Within five (5) business days after  receiving the Settlement
28  Payment in good funds and the Closing Date having passed,  Plaintiff

shall provide Defendants with a valid, complete, and signed form W-9 dated within sixty (60) days of delivery to Defendants. Defendants will issue a form 1099-MISC to Plaintiff reflecting the amount of the Settlement Payment ($75,000.00). Plaintiff shall be solely responsible for any federal, state, and local taxes due on the Settlement Payment.

(e)     Within three (3) business days after receiving the Settlement Payment in good funds and the Closing Date having passed, Plaintiff shall file a fully executed request for dismissal of this action with prejudice.

…

4.     **Releases and Waivers**

The Settlement Agreement contains mutual releases and waivers, including waivers of section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

…

6.     **Non-Disparagement, Non-Disclosure**

(a)     The Parties agree to refrain from disparaging the reputation, character, conduct, or business of each other (including all Released Parties) through any medium, whether oral or written, related to the allegations set forth in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(b)     Plaintiff and Defendants agree that some or all of the documents electronically filed in this case are publicly accessible. Plaintiff and Defendants agree that neither party may:

(i)     Issue or cause to be issued any press release related to the allegations set forth against Defendants in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(ii)     Initiate or participate in any press conference related to the allegations set forth against Defendants in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(iii)     Initiate or participate in any conversation or communication with any representative or member of the media related to the allegations set forth against Defendants in the

1    Complaint or First Amended Complaint, the settlement of the case, or
      any other aspect of the litigation against Defendants, except that a
2     Party may respond "No comment" or words to such effect if asked by
      a representative or member of the media about any such matters.
3     However, the Trustee is entitled to, and may, comply with all
      statutory obligations concerning disclosure of information or records
4     in this bankruptcy proceeding, including 11 U.S.C. section 704(a)(7)
      and any subpoena or order issued under state or Federal law.

5
              (iv)    Offer to provide or provide anyone, except for
6     persons participating in the prosecution or adjudication of this
      Adversary Proceeding, with a copy of any document filed in the
7     Adversary Proceeding, except that a party may provide to a
      requesting party a copy of any publicly filed document specifically
8     identified by the requestor, or may refer such person, if appropriate,
      to PACER or similar service to obtain such copy or copies.
9     Notwithstanding this provision, counsel may submit to the Court a
      copy of this Agreement in connection with a motion for approval of
10    this Agreement or otherwise in an official judicial filing.

11            (c)    Before any party sues under this provision, it must
      first meet and confer with the other party regarding any breach of this
12    provision, and, if possible, give such allegedly breaching party a
      reasonable opportunity to cure the alleged breach.

13
              (d)    A prevailing party seeking to enforce this provision
14    may recover only its damages, not to exceed $75,000 (which is the
      Settlement Amount), plus any reasonable attorney's fees and costs
15    allowed by the court under the terms of this Agreement and
      applicable law.  As a separate remedy, because this Non-
16    Disparagement/Non-Disclosure provision is a material consideration
      and an absolute pre-requisite for Defendants' entry into this
17    Agreement, in the event of an alleged breach of this Non-
      Disparagement/Nondisclosure provision by the Plaintiff, Defendants,
18    at their sole option, may, instead of seeking damages, seek rescission
      of this Agreement and return of the full amount of the Settlement --
19    $75,000.  A prevailing party on a claim for relief/cause of action
      seeking rescission as a remedy may receive its costs as provided by
20    law, but the attorney's fees provision in this Agreement will be
      rescinded by a successful rescission claim.  In the event the
21    Defendants prevail in a rescission claim, such that the court
      determines the agreement is rescinded, the Plaintiff may re-file a
22    complaint asserting his Adversary Action claims against Defendants,
      and it shall be conclusively determined that for analysis of claims and
23    defenses such as statute of limitations that the original filing date
      controls and Defendants hereby waive all rights they have or may
24    have to assert the statute(s) of limitation as a defense(s) to the re-
      filing.

25

26

27

28

# IV.

## ARGUMENT

**A.    Legal Standards for Approval.**

Rule 9019 provides that on motion by a trustee, the Court may approve a compromise or settlement. *See* Fed. R. Bankr. P. 9019(a).  The decision to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined pursuant to the particular circumstances of each case. *See In re Walsh Const., Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

More specifically, a Court should review the following factors in considering whether to approve a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Woodson,* 839 F.2d at 620 (quoting *A&C Properties,* 784 F.2d at 1381).  A settlement that a trustee negotiates in his capacity as a representative of the bankruptcy estate is entitled to deference. *See In re Morrison*, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

The Court need not conduct an exhaustive investigation or a mini-trial on the merits of the claims that the trustee seeks to compromise. *See Walsh Constr., Inc.,* 669 F.2d at 1328.  In fact, the Court need not decide the questions of law and fact raised in the controversies sought to be settled, and need not determine whether the settlement presented is the best one that could possibly have been achieved.  Instead, the Court's responsibility is only to "canvass the issues to see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1984) (citation omitted).

The Trustee has the right to exercise reasonable business judgment in an effort to maximize the value of the assets of the Debtor's Estate.  Provided that the proposed Agreement results in a recovery above the lowest point in the range of reasonable compromises, the Court should

authorize the Trustee to proceed with the compromise. In light of the facts and circumstances in the Debtor's bankruptcy case, application of the *A&C Properties* factors shows that the terms set forth in the Agreement are fair and equitable, in the best interests of the Debtor's Estate, and are well above the lowest point in the range of reasonableness.

**B.      Application of the A&C Properties Factors Demonstrates Why the Court Should Approve the Agreement.**

For the reasons stated below, the Trustee believes that the Agreement is in the best interest of the Debtor's Estate and its creditors.

**1.      Probability of Success on the Merits.**

The Trustee believes that his claims against Settling Party are likely to prevail. However, success in this litigation is not certain. The Settling Party, as defendants, have denied and continue to deny liability to pay additional sums under the Pledge. They argue, among other, that the Trustee cannot establish that HRI performed its obligations under the Pledge agreement. While the Trustee disagrees, there is a chance that a trier of fact would rule in favor of Settling Party on factual grounds.

**2.      The Difficulty, If Any, In Collection.**

The Trustee is not aware of any difficulty in collecting on any judgment against the Settling Party.

**3.      The Complexity, Expense and Inconvenience of Litigation.**

The Trustee believes that litigation of his claims against the Settling Party would be expensive and time-consuming. There would be significant delay and expense associated with continued litigation. Given the amount at issue, the expense of litigation would likely exceed any additional recovery obtained were the claims against Settling Party to proceed to trial.

1        **4.        The Paramount Interests of Creditors.**

2        The amount paid by the Settling Party under the Agreement will be $75,000.  The total

3    amount that could be recovered if the Trustee were to prevail at trial on all claims against Settling

4    Party would be $150,000.  The net recovery to the Estate, after attorneys' fees and expenses,[1] will

5    be approximately $50,000, based upon a special litigation counsel's 33% contingency fee.  Any

6    increase in the settlement amount could be subject to special litigation counsel's contingency fees,

7    which could be as high as 45% if the case were to proceed to an appeal.

8        As such, even if the Trustee were to further litigate his claims against Settling Party, rather

9    than settle on the terms proposed herein, it is unlikely that the estate would recover much more than

10   it would under the Agreement.  Moreover, additional litigation would result in higher costs and

11   possible delays in the administration of the Debtor's estate.  In the exercise of his business

12   judgment, and based on the advice of special litigation counsel, the Trustee believes that the

13   Agreement is fair, reasonable, and in the best interest of the Estate, and that the Court should

14   approve the proposed settlement.

15       The Trustee believes that notice of this proposed compromise should be served upon all

16   known creditors and parties in interest, and the United States Trustee, which the Trustee will do.

17   The Trustee requests that this Court determine the sufficiency of that notice and the parties given

18   notice.

19

20

21

22

23

24

---

25   [1] Special litigation counsel's contingency fees based on any recovery it obtains with regard to the
26   adversary proceeding is as follows:  (a) 33% of the recovery, if such recovery is received or
     stipulated to before trial; (b) 40% of the recovery, if such a recovery is received or stipulated to
27   after the commencement of trial but before an appeal has been filed; and (c) 45% if the recovery
     occurs after the case continues to post-judgment appeal.

28

1

## V.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court approve the

Agreement in its entirety.  The Trustee further requests all other appropriate relief.


DATED: April 6, 2017                  DANNING, GILL, DIAMOND & KOLLITZ, LLP


                              By:  _____
                                   UZZI O. RAANAN
                                   Attorneys for John J. Menchaca, Chapter 7 Trustee

# DECLARATION OF JOHN J. MENCHACA

I, John J. Menchaca, declare as follows:

1.     I make this declaration in support of my Motion (the "Motion") for Approval of Settlement Agreement with Rick Caruso and Tina Caruso (collectively, the "Settling Party")..

2.     Each of the facts contained in this declaration are based upon my personal knowledge, unless specifically stated to be based on information and belief, and I believe that these facts are true as well.  If called upon as a witness, I would and could competently testify to the facts contained in this declaration.

3.     Attached hereto as Exhibit "1" is the Settlement Agreement and Release wit the Settling Party.

4.     The Settlement Agreement resolves Adversary Proceeding filed by me on behalf of the Estate asserting claims for alleged breach of contract against the Settling Party, commencing Adversary Proceeding no. 2:16-ap-01266-RK (the "Adversary Proceeding").

5.     I am informed by my special litigation counsel, the Law Office of Philip Dracht, that the Estate's claims against the Settling Party are likely to prevail.  However, success in this litigation is not certain.  The Settling Party, as defendants, have denied and continue to deny any liability under the Pledge and argue that the Estate is not entitled to any recovery at all.  As such, I believe that a 50% recovery on the claims is in the Estate's best interest.

6.     I am not aware of difficulties in collecting from the Settling Parties.

7.     I am informed and believe by my special litigation counsel that litigation of the claims against the Settling Party would be expensive and time-consuming.  There would be significant delay and expense associated with continued litigation.   Given the amount at issue, I don't believe continued litigation would result in a significantly higher amount than the amount the estate would receive as a result of this Agreement.

8.     The total amount paid by the Settling Party under the Agreement will be $75,000.  The total amount that would be recovered if I were to prevail on all claims against the defendants

would be approximately $150,000, while the Settling Parties assert that they owe the Estate nothing.  The net recovery to the Estate under the Agreement, after attorneys' fees and expenses,[2] will be approximately  $50,000, based upon a special litigation counsel's  33% contingency fee. Any increase in the settlement amount could be subject to higher contingency fees, up to 45%, while success in litigation would remain uncertain.   The Agreement was reached early in the case, without the need for expensive and time-consuming litigation, which could result in additional funds for the benefit of unsecured creditors.  As such, in the exercise of my business judgment, and based on the advice of special litigation counsel, I believe that the Agreement is fair, reasonable, and in the best interest of the Estate.

9.    For the reasons set forth in the above motion, I respectfully request that the Court approve the Agreement and grant the above motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of April, 2017 at Los Angeles, California.

John J. Menchaca

---

[2] Special litigation counsel's contingency fees based on any recovery it obtains with regard to the adversary proceeding is as follows:  (a) 33% of the recovery, if such recovery is received or stipulated to before trial; (b) 40% of the recovery, if such a recovery is received or stipulated to after the commencement of trial but before an appeal has been filed; and (c) 45% if the recovery occurs after the case continues to post-judgment appeal.

1402075.1  26188

14

## REQUEST FOR JUDICIAL NOTICE

John J. Menchaca, the Chapter 7 trustee (the "Trustee") for the estate of House Research Institute (the "Debtor"), requests that the Court take judicial notice of the following:

1.      This case was commenced on or about June 12, 2014 (the "Petition Date"), when House Research Institute, a California non-profit public benefit corporation, fka House Ear Institute (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code").

2.      The Debtor is a non-profit 501(c)(3) organization based in Los Angeles, California, dedicated to advancing hearing science through research and education.

3.      John J. Menchaca accepted appointment as the Chapter 7 Trustee for the Debtor's Estate.

4.      On or about June 10, 2016, the Trustee filed that certain Complaint asserting claims for alleged breach of contract against the Settling Party as well as four other unaffiliated defendants, commencing Adversary Proceeding no. 2:16-ap-01266-TD (*adv. docket no. 1*, the "Adversary Proceeding").

5.      The Bankruptcy Case and the Adversary Proceeding now bear the numbers 2:14-bk-21532-RK and 2:16-ap-01266-RK, respectively.

6.      On or about September 2, 2016, the Settling Party filed a motion to dismiss the Complaint (*adv. docket no. 27*).

7.      On or about November 4, 2016, the Court entered an order which, *inter alia*, dismissed the Complaint against the Settling Party, with leave to amend only as pledge amounts due in 2013.  The Court dismissed with prejudice Trustee's claims with respect to years 2014 through 2017 (*adv. docket no. 43*).

8.      On or about December 22, 2016, the Trustee filed a First Amended Complaint alleging, *inter alia*, breach of contract by Settling Party for the donation pledged for the year 2013 (*adv. docket no. 50*).

9.      The deadline for the Settling Party's to file their pleading responding to the First Amended Complaint has been extended to, through  and including the date ten (10) days after the

1    entry of any Order by the Court disapproving of the Agreement (*adv. docket no. 82*).

2

3    DATED:  April 6 , 2017             DANNING, GILL, DIAMOND & KOLLITZ, LLP

4

5                                    By: _____

6                                        UZZI O. RAANAN

7                                        Attorneys for John J. Menchaca,
                                       Chapter 7 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1402075.1  26188                                         16

EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into by and between Plaintiff John J. Menchaca, Chapter 7 Trustee ("Plaintiff"), and defendants Rick Caruso and Tina Caruso (each a "Defendant," and collectively, "Defendants"), effective as of the date this agreement is executed by the Parties (the "Effective Date"). For the purposes of this Agreement, Plaintiff and Defendants are each referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.      On or about June 12, 2014, House Research Institute, a California non-profit public benefit corporation, fka House Ear Institute (the "Debtor"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code") in the Central District of California, commencing bankruptcy case no. 2:14-bk-21532-TD (the "Bankruptcy Case"). The Bankruptcy Case was subsequently renamed as *In re TIFKAH (previously known as House Research Institute, fka House Ear Institute, a California non-profit public benefit corporation).*

B.      John J. Menchaca accepted appointment as the Chapter 7 Trustee for the Debtor's estate and continues to serve in that capacity for the benefit of the creditors.

C.      On or about June 10, 2016, Plaintiff filed that certain Complaint asserting claims for alleged breach of contract against Defendants as well as four other unaffiliated defendants, commencing Adversary Proceeding no. 2:16-ap-01266-TD (the "Adversary Proceeding").

D.      The Bankruptcy Case and the Adversary Proceeding now bear the numbers 2:14-bk-21532-RK and 2:16-ap-01266-RK, respectively.

E.      Defendants filed a motion to dismiss the Complaint.

F.      On or about November 4, 2016, the Court entered an order which, *inter alia*, dismissed the Complaint against the Defendants, with leave to amend only as to the year 2013. The Court dismissed with prejudice Plaintiff's claims with respect to years 2014 through 2017.

G.      On or about December 22, 2016, Plaintiff filed a First Amended Complaint alleging, *inter alia*, breach of contract by Defendants for the donation pledged for the year 2013.

H.      The deadline for Defendants to file their pleading responding to the First Amended Complaint is March 6, 2017.

I       Defendants dispute all claims set forth in the Complaint and the First Amended Complaint, and have denied and continue to deny any wrongdoing or liability to Plaintiff whatsoever for any such claims asserted therein.

J.      The Parties desire to avoid the risk, inconvenience, and expense of litigation and have therefore agreed to fully and fairly comprise, settle, and discharge to the extent provided herein, any and all legal and equitable claims, controversies, demands, actions, or claims for relief brought against Defendants in the Adversary Proceeding.

**EXHIBIT**       **1**

## TERMS OF AGREEMENT

NOW, THEREFORE, in consideration of the foregoing Recitals, the promises, covenants, terms, conditions, and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, hereby agree as follows:

1.    Recitals

The aforementioned Recitals are incorporated into this Agreement as if set forth fully herein.

2.    Settlement Payment and Dismissal

(a)    The Closing Date shall be on the fifteenth day following the entry of a bankruptcy court order granting the motion for approval of this Agreement without an appeal of said order having been filed or a stay of such order having been granted, or on the fifteenth day after an un-stayed appeal of said order has resulted in affirmance of the order, unless that date is a Saturday, Sunday, or legal holiday, in which case the Closing Date shall be the next day following which is not a Saturday, Sunday, or legal holiday.

(b)    On or before the Closing Date, the Defendants shall cause to be paid $75,000.00 to Plaintiff (the "Settlement Payment").

(c)    The Parties expressly acknowledge and agree that the Settlement Payment (a) is the result of good faith negotiations conducted by and between the Parties; (b) resolves all claims by Plaintiff for damages or other payment or compensation and attorneys' fees and costs against Defendants in the Adversary Proceeding; (c) is the sole and entire consideration paid and to be paid by Defendants to Plaintiff regarding the Adversary Proceeding and all Released Claims (as defined below); and (d) constitutes fair and reasonable consideration for the release of any and all such claims.

(d)    Within five (5) business days after receiving the Settlement Payment in good funds and the Closing Date having passed, Plaintiff shall provide Defendants with a valid, complete, and signed form W-9 dated within sixty (60) days of delivery to Defendants. Defendants will issue a form 1099-MISC to Plaintiff reflecting the amount of the Settlement Payment ($75,000.00). Plaintiff shall be solely responsible for any federal, state, and local taxes due on the Settlement Payment.

(e)    Within three (3) business days after receiving the Settlement Payment in good funds and the Closing Date having passed, Plaintiff shall file a fully executed request for dismissal of this action with prejudice.

3.    Releases and Waivers

(a)    Except as expressly set forth in this Agreement, for and in consideration of the covenants set forth herein, which are hereby excluded from and survive this release and waiver, Plaintiff, on his own behalf and as Trustee for the Chapter 7 Estate of TIFKAH, fka The House

Research Institute, and on behalf of their respective grantees, agents, spouses, children, beneficiaries, successors, attorneys, heirs, devisees, trustees, assigns, attorneys, entities in which Plaintiff has an interest, and any other person claiming through or on behalf of them (collectively, the "Plaintiff Releasing Parties"), hereby fully, irrevocably, and unconditionally release, acquit, and discharge Defendants and their respective direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their respective present and former directors, officers, employees, shareholders, partners, agents, alter egos, representatives, attorneys, accountants, insurers, receivers, heirs, executors, administrators, conservators, and all persons acting by, through, under or in concert with it, or any of them (collectively "Defendant Released Parties") from all manner of claims for relief, actions, causes of action, complaints, claims, demands, liens, suits, obligations, controversies, contracts, agreements, promises, charges, penalties, losses, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind, whether in law or in equity, now known or unknown, suspected or unsuspected, fixed or contingent, and whether or not concealed, latent or hidden, which have existed or may have existed, or which do exist or which hereafter can, shall, or may exist, whether contractual, common law, statutory, federal, state, or otherwise, which are stated in, arise from, or are in any way related to the Adversary Proceeding, excepting only those claims or obligations arising under this Agreement (collectively, the "Plaintiff Released Claims"). Said Plaintiff Released Claims do not include any claims brought against, stated in, arising from or that are in any way related to those claims brought against Tina Caruso in pending adversary proceeding no. 2:16-ap-01201-RK, and do not extend to any objection the Trustee may have to any Proof of Claim filed by Defendants in the Bankruptcy Case or requests for payment of administrative expense claims. Notwithstanding the preceding sentence or any other provision of this Agreement, the Plaintiff Released Claims do include any claims, whether sounding in contract or tort or otherwise, arising out of or involving Defendants' charitable donation pledge made in 2008 at issue in the Adversary Proceeding. The Released Claims also do not include any claims or rights that Plaintiff alleges in the Adversary Proceeding against any defendant other than Defendants Rick and Tina Caruso.

(b)     Except as expressly set forth in this Agreement, for and in consideration of the covenants set forth herein, which are hereby excluded from and survive this release and waiver, Defendants and their respective grantees, agents, spouses, children, beneficiaries, successors, attorneys, heirs, devisees, trustees, assigns, attorneys, entities in which either Defendant has an interest, and any other person claiming through or on behalf of them (collectively, the "Defendant Releasing Parties"), hereby fully, irrevocably and unconditionally release, acquit, and discharge Plaintiff, in his personal capacity and as Trustee for the Chapter 7 Estate of TIFKAH, fka The House Research Institute, TIFKAH, fka The House Research Institute and the Chapter 7 Estate of TIFKAH, fka The House Research Institute, TIFKAH, fka The House Research Institute and their respective direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their respective present and former directors, officers, employees, shareholders, partners, agents, alter egos, representatives, attorneys, accountants, insurers, receivers, heirs, executors, administrators, conservators, and all persons acting by, through, under or in concert with it, or any of them (collectively "Plaintiff Released Parties") from all manner of claims for relief, actions, causes of action, complaints, claims, demands, liens, suits, obligations, controversies, contracts, agreements, promises, charges, penalties, losses, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind, whether in law or in equity, now known or unknown,

suspected or unsuspected, fixed or contingent, and whether or not concealed, latent or hidden, which have existed or may have existed, or which do exist or which hereafter can, shall, or may exist, whether contractual, common law, statutory, federal, state, or otherwise, which are stated in, arise from, or are in any way related to the Adversary Proceeding, excepting only those claims or obligations arising under this Agreement (the "Defendant Released Claims").

(c)     The Defendant Released Claims include, but are not limited to, any acts or omissions in connection with the processing, disposition, and settlement of all matters released as set forth above, including, without limitation, any claims for breach of any malicious prosecution, abuse of process, covenant of good faith and fair dealing or for bad faith whether based in contract or tort, any subrogation claims, any contribution claims, including, without limitation, those arising from any payment hereunder, and any other claim of any nature and all damages, whether actual, exemplary, or punitive arising therefrom

4.     <u>Release of Unknown or Unsuspected Claims</u>

(a)     For the purpose of implementing a full and complete release and discharge, the Parties, on behalf of themselves as well as the Plaintiff Releasing Parties and the Defendant Releasing Parties, expressly acknowledge that the releases provided in this Agreement are intended to include in their effect, with the exceptions set forth in Section 3 above, any and all claims for relief, claims, complaints, charges or suits, including those claims for relief, claims, complaints, charges or suits which he, she, or it does not know or suspect to exist in his, her, or its favor at the time of execution hereof, which if known or suspected, could materially affect his, her, or its decision to execute this Agreement. This Agreement contemplates the extinguishment of any such claims, complaints, charges or suits and Parties hereby expressly and knowingly waive and relinquish any and all rights that each has or might have relating to the Plaintiff Released Claims and the Defendant Released Claims under California Civil Code § 1542 (and under other statutes or common law principles of similar effect), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

(b)     The Parties, on behalf of themselves as well as the Plaintiff Releasing Parties and the Defendant Releasing Parties, acknowledge that he, she, or it might hereinafter discover facts different from, or in addition to, those which he, she, or it now believes to be true with respect to the Plaintiff Released Claims or Defendant Released Claims above. Plaintiff, on his own behalf and as Trustee for the Chapter 7 Estate of TIFKAH, fka The House Research Institute, and on behalf of the Plaintiff Releasing Parties, and Defendants, on their own behalf and on behalf of the Defendant Releasing Parties agree that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Plaintiff or Defendant Released Claims. By executing this Agreement, each Party acknowledges the following: (a) he or she is represented by counsel; (b) he or she has read and fully understands the provisions of California

Civil Code § 1542; and (c) he or she has been specifically advised by his counsel of the consequences of the above waiver and this Agreement generally. Plaintiff and Defendants acknowledge and agree that this waiver is an essential and material term of the respective releases and the settlement that underlies them and that without such waiver the Agreement would not have been accepted.

(c)     Plaintiff, on his own behalf and as Trustee for the Chapter 7 Estate of TIFKAH, fka The House Research Institute, and on behalf of the Releasing Parties, and Defendants, on their own behalf and on behalf of the Defendant Releasing Parties further agree, promise, and covenant that he, she, or it will not file, charge, claim, sue, participate in, join or cause or permit to be filed, charged or claimed, any claim for relief, action for damages, or other relief (including injunctive, declaratory, monetary or other) against Defendants or the Defendant Released Parties or Plaintiff or the Plaintiff Released Parties, respectively, with respect to the allegations and claims asserted in Adversary Proceeding or any Plaintiff or Defendant Released Claims which are the subject of this Agreement. The Parties agree that this Agreement may be pleaded as a full and complete defense to any and all Plaintiff or Defendant Released Claims and claims for relief being released pursuant to this Agreement. Each Party acknowledges and consents that the Agreement may be used as the basis for an injunction to halt any action, suit or other proceeding based upon the Plaintiff Released Claims or Defendant Released Claims.

5.    Bankruptcy Court Approval. This Agreement is subject to the approval of the Bankruptcy Court and said approval is a condition precedent to its effectiveness. Plaintiff will file a motion and seek such approval as soon as practicable after execution of this Agreement by all Parties.

6.    Non-Disparagement, Non-Disclosure

(a)     The Parties agree to refrain from disparaging the reputation, character, conduct, or business of each other (including all Released Parties) through any medium, whether oral or written, related to the allegations set forth in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(b)     Plaintiff and Defendants agree that some or all of the documents electronically filed in this case are publicly accessible. Plaintiff and Defendants agree that neither party may:

(i)     Issue or cause to be issued any press release related to the allegations set forth against Defendants in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(ii)     Initiate or participate in any press conference related to the allegations set forth against Defendants in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation.

(iii)     Initiate or participate in any conversation or communication with any representative or member of the media related to the allegations set forth against Defendants in the Complaint or First Amended Complaint, the settlement of the case, or any other aspect of the litigation against Defendants, except that a Party may respond "No comment" or words to such effect if asked by a representative or member of the media about any such matters. However, the

Trustee is entitled to, and may, comply with all statutory obligations concerning disclosure of information or records in this bankruptcy proceeding, including 11 U.S.C. section 704(a)(7) and any subpoena or order issued under state or Federal law.

       (iv)    Offer to provide or provide anyone, except for persons participating in the prosecution or adjudication of this Adversary Proceeding, with a copy of any document filed in the Adversary Proceeding, except that a party may provide to a requesting party a copy of any publicly filed document specifically identified by the requestor, or may refer such person, if appropriate, to PACER or similar service to obtain such copy or copies. Notwithstanding this provision, counsel may submit to the Court a copy of this Agreement in connection with a motion for approval of this Agreement or otherwise in an official judicial filing.

       (c)    Before any party sues under this provision, it must first meet and confer with the other party regarding any breach of this provision, and, if possible, give such allegedly breaching party a reasonable opportunity to cure the alleged breach.

       (d)    A prevailing party seeking to enforce this provision may recover only its damages, not to exceed $75,000 (which is the Settlement Amount), plus any reasonable attorney's fees and costs allowed by the court under the terms of this Agreement and applicable law. As a separate remedy, because this Non-Disparagement/Non-Disclosure provision is a material consideration and an absolute pre-requisite for Defendants' entry into this Agreement, in the event of an alleged breach of this Non-Disparagement/Nondisclosure provision by the Plaintiff, Defendants, at their sole option, may, instead of seeking damages, seek rescission of this Agreement and return of the full amount of the Settlement -- $75,000. A prevailing party on a claim for relief/cause of action seeking rescission as a remedy may receive its costs as provided by law, but the attorney's fees provision in this Agreement will be rescinded by a successful rescission claim. In the event the Defendants prevail in a rescission claim, such that the court determines the agreement is rescinded, the Plaintiff may re-file a complaint asserting his Adversary Action claims against Defendants, and it shall be conclusively determined that for analysis of claims and defenses such as statute of limitations that the original filing date controls and Defendants hereby waive all rights they have or may have to assert the statute(s) of limitation as a defense(s) to the re-filing.

7.    <u>No Admission of Fault or Liability</u>

       It is understood and agreed this Agreement and the performance of the obligations herein, including the making of the Settlement Payment (and any division thereof between Plaintiff and Plaintiff's counsel) reflects the compromise and settlement of disputed claims among the Parties and are for the sole purpose of compromising and settling the disputed claims. Its constituent provisions, and any and all drafts, communications, and discussions relating to it, shall not be construed as or deemed to be an admission of liability or wrongdoing by any Party or evidence of an admission or concession of any point of fact or law by any person, including Defendants or any other Defendant Released Party, and shall not be offered or received in evidence or requested in discovery in any action or proceeding as evidence of an admission or concession. The Parties expressly deny any liability or wrongdoing whatsoever.

8.    Investigation

Each of the Parties has made such investigation of the facts pertaining to this Agreement, as he, she, or it deems necessary. The Parties understand that if any fact with respect to any matter covered by this Agreement is found hereafter to be other than, or different from, the facts now believed by the Parties to be true, each Party expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall become and remain effective notwithstanding such different facts.

9.    Integration Clause

This Agreement contains the entire agreement of the Parties and supersedes any and all prior, written or oral, agreements among them concerning the subject matter hereof. There are no representations, agreements, arrangements or understandings, oral or written, among the Parties relating to the subject matter of this Agreement that are not fully expressed herein.

10.    Consultation with Counsel

The Parties represent and warrant that they have presented their counsel with this Agreement, that their counsel has had the opportunity to review this Agreement and that they are executing this Agreement of their own free will after having received advice from counsel regarding execution of this Agreement. Each Party enters into this Agreement and makes the settlement provided for herein of his, hers, or its own free will, without reservation, and acts under no force or duress or coercion of any kind or character in so doing. The individuals executing this Agreement are duly authorized representatives and each such individual has the requisite authority to enter into this Agreement on behalf of his or her principal. This Agreement has been carefully read by each Party, and all the terms used herein and their significance, both factual and legal, are known and understood by each Party.

11.    Choice of Law, Jurisdiction, and Venue

This Agreement shall be governed by and interpreted and construed, as applicable, pursuant to the laws of the State of California and bankruptcy law, including, without limitation, the Bankruptcy Code and judicial authority. If any Party attempts to institute a legal proceeding to enforce or interpret the terms of this Agreement, or otherwise, such proceeding must be instituted and maintained exclusively in the United States Bankruptcy Court for the Central District of California, and the Court in which the Bankruptcy Case is pending shall retain jurisdiction for such a proceeding. Each Party hereto expressly consents to the jurisdiction and venue of such Court and waives any objections to such jurisdiction and venue in any action arising out of this Agreement.

12.    Severability

If any one or more of the provisions of this Agreement should be ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then: (i) the validity and enforceability of all provisions of this Agreement not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly

invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the Parties' intent as manifested herein; and (iv) if the ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislature, judicial, or administrative action, then the provision(s) in question as originally set forth in this Agreement shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

13.  No Waiver

The failure of any Party to insist upon compliance with any of the provisions of this Agreement or the waiver thereof, in any instance, shall not be construed as a general waiver or relinquishment by such Party of any other provision of this Agreement.

14.  Modification and Amendment

This Agreement may not be waived, altered, amended or repealed, in whole or in part, except upon written agreement executed by the Party or Parties against whom or which enforcement is sought.

15.  Agreement Obligates, Extends and Inures

The provisions of this Agreement shall be binding upon each of the Parties and each of the Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, assigns, heirs, devisees, attorneys and employees, if any, and upon those who may assume any or all of the above described capacities subsequent to the Closing Date. The provisions of this Agreement shall inure to the benefit of each of the Parties and each of the Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, heirs, devisees, assigns, attorneys and employees, if any.

16.  No Reliance

Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, he, she, or it does not rely, and has not relied, on any representation or statement made by any other Party to this Agreement, on any representation or statement made anyone acting on behalf of any Party to this Agreement, or any representation or statement made by any other person.

17.  No Assignment or Transfer of Claims

Each Party represents and warrants that: (i) he, she, or it solely owns the Plaintiff Released Claims or Defendant Released Claims released by this Agreement; (ii) no other person or entity has any interest in such claims; (iii) he, she, or it has not sold, assigned, conveyed or otherwise transferred any such claim, or any other claim or demand against any person or entity released hereby; and (iv) he, she, or it has the sole right to settle and release such claims. Plaintiff further represents and warrants that to the best of his information and belief, he has no knowledge of any claims held by him against Defendants or the Released Parties that are not released hereby, other

than those brought against, stated in, or arising from those claims brought against Tina Caruso in pending adversary proceeding no. 2:16-ap-01201-RK.

18.    Each Party to Bear Its Own Attorneys' Fees and Costs

Except as expressly provided for herein, each Party shall bear his, her, or its own attorneys' fees and costs incurred in relation to the Adversary Proceeding or this Agreement.

19.    Attorneys' Fees

In any future action or other proceeding between the Parties for relief based in whole or in part on this Agreement, or the breach thereof, the prevailing party shall be entitled to recover, in addition to any other relief awarded or granted, his, her, or its reasonable costs and expenses, including attorneys' fees, incurred in the proceeding.

20.    Multiple Counterparts

This Agreement may be executed in counterparts, each of which may be executed and delivered via facsimile or PDF electronic delivery with the same validity as if it were an ink-signed document and each of which shall be effective and binding on the Parties as of the Closing Date. Each such counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one and the same Agreement.

21.    Authority of Signatories

Each of the Parties to this Agreement represents and warrants that he, she, or it  is authorized to enter into this Agreement and that any required consents, authorizations, or approvals have been obtained.

22.    Construction

Each Party hereto has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party on the ground that said Party drafted this Agreement. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, applicable bankruptcy law and the laws of the State of California, in effect as of the Closing Date.

23.    Headings and Grammar

The various headings used in this Agreement are solely for the Parties' convenience and may not be used to interpret this Agreement. The headings do not define, limit, extend or describe the Parties' intent or the scope of this Agreement. The neuter form of a pronoun shall be considered to include within its meaning the masculine and feminine forms of the pronoun, and vice versa.

24.     <u>Inadmissibility</u>

This Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever by Plaintiff or Defendants and each of the Plaintiff Released Parties or Defendant Released Parties contrary to this Agreement in any court of tribunal in any state, territory, or jurisdiction.

**PLEASE READ CAREFULLY.  THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

IN WITNESS WHEREOF the undersigned Parties do hereby execute this Agreement as of the Effective Date.

**John J. Menchaca, Trustee for the Chapter 7 Estate of TIFKAH, Plaintiff**

Date: March ___, 2017

Rick Caruso, Defendant

_____

Date: March 7, 2017

Tina Caruso, Defendant

_____

Date: March 7, 2017

APPROVED AS TO FORM AND CONTENT (AND AGREED, WHERE APPLICABLE)

THE LAW OFFICE OF PHILIP DRACHT

_____
By:  Philip D. Dracht
Attorneys for John J. Menchaca, Chapter 7 Trustee

Date: March ___, 2017

QUINN EMANUEL URQUHART AND SULLIVAN LLP

_____
By:  John S. Gordon
Attorneys for Defendants Rick Caruso and Tina Caruso

Date: March ___, 2017

1392102.1  2618807092-00001A/90167865    Page 11 of 11

027

**Rick Caruso, Defendant**

_____

Date: March ___, 2017

**Tina Caruso, Defendant**

_____

Date: March ___, 2017

APPROVED AS TO FORM AND CONTENT (AND AGREED, WHERE APPLICABLE)

**THE LAW OFFICE OF PHILIP DRACHT**

_____
By:  Philip D. Dracht
Attorneys for John J. Menchaca, Chapter 7 Trustee

Date: March 6, 2017

**QUINN EMANUEL URQUHART AND SULLIVAN LLP**

_____
By:  John S. Gordon
Attorneys for Defendants Rick Caruso and Tina Caruso

Date: March ___, 2017

1392102.1    2618807092-00001A/9016786.5          Page 11 of 11

**Rick Caruso, Defendant**

_____

Date: March ___, 2017


**Tina Caruso, Defendant**

_____

Date: March ___, 2017




APPROVED AS TO FORM AND CONTENT (AND AGREED, WHERE APPLICABLE)

**THE LAW OFFICE OF PHILIP DRACHT**

_____

By: Philip D. Dracht
Attorneys for John J. Menchaca, Chapter 7 Trustee

Date: March ___, 2017




**QUINN EMANUEL URQUHART AND SULLIVAN LLP**

_____

By: John S. Gordon
Attorneys for Defendants Rick Caruso and Tina Caruso

Date: March 9, 2017

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067-4402.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH RICK CARUSO AND TINA CARUSO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. MENCHACA; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  April 7, 2017  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  April 7, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
TIFKAH
2100 W. 3rd St.
Los Angeles, CA 90057-1944

United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA  90017

☐ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 7, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

BY PERSONAL DELIVERY BY ALSSI ON APRIL 7, 2017
Hon. Robert N. Kwan
U. S. Bankruptcy Court
255 E. Temple Street, Bin outside of Suite 1682
Los Angeles, CA  90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 7, 2017 | Beverly Lew | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

# 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Robert J Becher on behalf of Defendant CARMEN PULIAFITO, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant CATHERINE MEYER, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant DAVID H. KOCH, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant DERALD E. BRACKMAN, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant David Z D'Argenio
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant EDWARD P. ROSKI, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant FOREST G. SMITH, III, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant JAMES D. BOSWELL, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant JAMES S. TWERDAHL, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant JOAN G. FLAX, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant JOHN THOMAS, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant JOHN W. HOUSE, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant LAURENCE G. PREBLE, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant LYNN BOOTH, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant MALCOLM CUTLER, JR., an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant PATRICIA MOLLER, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant PETER WU, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

Robert J Becher on behalf of Defendant ROBERT G. HAYMAN, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant Rick Caruso
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant STEPHEN CHANDLER, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant TINA CARUSO, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant TOMILEE TILLEY GILL, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant WALLIS ANNENBERG, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant WILLIAM LUXFORD, an individual
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Robert J Becher on behalf of Defendant William B Witte
robertbecher@quinnemanuel.com, calendar@quinnemanuel.com

Richard W Brunette on behalf of Defendant CARMEN PULIAFITO, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant CATHERINE MEYER, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant DAVID H. KOCH, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant DERALD E. BRACKMAN, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant David Z D'Argenio
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant EDWARD P. ROSKI, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant FOREST G. SMITH, III, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant JAMES D. BOSWELL, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant JAMES S. TWERDAHL, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant JOAN G. FLAX, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

Richard W Brunette on behalf of Defendant JOHN THOMAS, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant JOHN W. HOUSE, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant LAURENCE G. PREBLE, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant LYNN BOOTH, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant MALCOLM CUTLER, JR., an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant PATRICIA MOLLER, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant PETER WU, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant ROBERT G. HAYMAN, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant STEPHEN CHANDLER, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant TINA CARUSO, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant TOMILEE TILLEY GILL, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant WALLIS ANNENBERG, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant WILLIAM LUXFORD, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Defendant William B Witte
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

Richard W Brunette on behalf of Interested Party WALLIS ANNENBERG, an individual
rbrunette@sheppardmullin.com, vlamonica@sheppardmullin.com

John H Choi on behalf of Interested Party Courtesy NEF
johnchoi@kpcylaw.com, christinewong@kpcylaw.com

Theodore A Cohen on behalf of Interested Party John Tracy Clinic
tcohen@sheppardmullin.com, amontoya@sheppardmullin.com

Jon L Dalberg on behalf of Debtor TIFKAH
jdalberg@lgbfirm.com,
kalandy@lgbfirm.com;srichmond@lgbfirm.com;cboyias@lgbfirm.com;mmocciaro@lgbfirm.com

Daniel Denny on behalf of Creditor RP WIP LA Med Office Lender L.L.C.
ddenny@gibsondunn.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Philip D Dracht on behalf of Plaintiff JOHN J MENCHACA
pdracht@drachtlaw.com

Philip D Dracht on behalf of Trustee John J Menchaca (TR)
pdracht@fabianlaw.com

Steven Gentry on behalf of Creditor LYNN BOOTH, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant CARMEN PULIAFITO, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant CATHERINE MEYER, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant DAVID H. KOCH, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant DERALD E. BRACKMAN, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant David Z D'Argenio
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant EDWARD P. ROSKI, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant FOREST G. SMITH, III, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant JAMES D. BOSWELL, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant JAMES S. TWERDAHL, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant JOAN G. FLAX, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant JOHN THOMAS, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant JOHN W. HOUSE, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant LAURENCE G. PREBLE, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant LYNN BOOTH, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant MALCOLM CUTLER, JR., an individual
sgentry@bergerkahn.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Steven Gentry on behalf of Defendant PATRICIA MOLLER, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant PETER WU, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant ROBERT G. HAYMAN, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant STEPHEN CHANDLER, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant TINA CARUSO, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant TOMILEE TILLEY GILL, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant WALLIS ANNENBERG, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant WILLIAM LUXFORD, an individual
sgentry@bergerkahn.com

Steven Gentry on behalf of Defendant William B Witte
sgentry@bergerkahn.com

Jonathan Guy on behalf of Defendant CARMEN PULIAFITO, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant CATHERINE MEYER, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant DAVID H. KOCH, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant DERALD E. BRACKMAN, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant David Z D'Argenio
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant EDWARD P. ROSKI, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **F 9013-3.1.PROOF.SERVICE**

Jonathan Guy on behalf of Defendant FOREST G. SMITH, III, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant JAMES D. BOSWELL, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant JAMES S. TWERDAHL, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant JOAN G. FLAX, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant JOHN THOMAS, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant JOHN W. HOUSE, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant LAURENCE G. PREBLE, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant LYNN BOOTH, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant MALCOLM CUTLER, JR., an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant PATRICIA MOLLER, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant PETER WU, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant ROBERT G. HAYMAN, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant STEPHEN CHANDLER, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant TINA CARUSO, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-3.1.PROOF.SERVICE

Jonathan Guy on behalf of Defendant TOMILEE TILLEY GILL, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant WALLIS ANNENBERG, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant WILLIAM LUXFORD, an individual
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jonathan Guy on behalf of Defendant William B Witte
jguy@orrick.com,
nymao@orrick.com;Sean.Tarantino@kochps.com;pamend@orrick.com;mperrigino@orrick.com

Jeffery D Hermann on behalf of Defendant CARMEN PULIAFITO, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant CATHERINE MEYER, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant DAVID H. KOCH, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant DERALD E. BRACKMAN, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant David Z D'Argenio
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant EDWARD P. ROSKI, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant FOREST G. SMITH, III, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant JAMES D. BOSWELL, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant JAMES S. TWERDAHL, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant JOAN G. FLAX, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant JOHN THOMAS, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant JOHN W. HOUSE, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant LAURENCE G. PREBLE, an individual
jhermann@orrick.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

Jeffery D Hermann on behalf of Defendant LYNN BOOTH, an individual
jhermann@orrick.com


Jeffery D Hermann on behalf of Defendant MALCOLM CUTLER, JR., an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant PATRICIA MOLLER, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant PETER WU, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant ROBERT G. HAYMAN, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant STEPHEN CHANDLER, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant TINA CARUSO, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant TOMILEE TILLEY GILL, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant WALLIS ANNENBERG, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant WILLIAM LUXFORD, an individual
jhermann@orrick.com

Jeffery D Hermann on behalf of Defendant William B Witte
jhermann@orrick.com

Jeffery D Hermann on behalf of Interested Party DAVID H. KOCH, an individual
jhermann@orrick.com

C John M Melissinos on behalf of Defendant CARMEN PULIAFITO, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant CATHERINE MEYER, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant DAVID H. KOCH, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant DERALD E. BRACKMAN, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-3.1.PROOF.SERVICE

C John M Melissinos on behalf of Defendant David Z D'Argenio
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant EDWARD P. ROSKI, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant FOREST G. SMITH, III, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant JAMES D. BOSWELL, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant JAMES S. TWERDAHL, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant JOAN G. FLAX, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant JOHN THOMAS, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant JOHN W. HOUSE, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant LAURENCE G. PREBLE, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant LYNN BOOTH, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant MALCOLM CUTLER, JR., an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant PATRICIA MOLLER, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant PETER WU, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant ROBERT G. HAYMAN, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

C John M Melissinos on behalf of Defendant STEPHEN CHANDLER, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant TINA CARUSO, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant TOMILEE TILLEY GILL, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant WALLIS ANNENBERG, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant WILLIAM LUXFORD, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Defendant William B Witte
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

C John M Melissinos on behalf of Interested Party EDWARD P. ROSKI, an individual
jmelissinos@greenbergglusker.com,
kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com

John J Menchaca (TR)
jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com

James P Menton, JR on behalf of Defendant CARMEN PULIAFITO, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant CATHERINE MEYER, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant DAVID H. KOCH, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant DERALD E. BRACKMAN, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant David Z D'Argenio
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant EDWARD P. ROSKI, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant FOREST G. SMITH, III, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant JAMES D. BOSWELL, an individual
JPMenton@rkmc.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE

James P Menton, JR on behalf of Defendant JAMES S. TWERDAHL, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant JOAN G. FLAX, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant JOHN THOMAS, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant JOHN W. HOUSE, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant LAURENCE G. PREBLE, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant LYNN BOOTH, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant MALCOLM CUTLER, JR., an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant PATRICIA MOLLER, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant PETER WU, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant ROBERT G. HAYMAN, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant STEPHEN CHANDLER, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant TINA CARUSO, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant TOMILEE TILLEY GILL, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant WALLIS ANNENBERG, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant WILLIAM LUXFORD, an individual
JPMenton@rkmc.com

James P Menton, JR on behalf of Defendant William B Witte
JPMenton@rkmc.com

Samuel A Newman on behalf of Creditor RP WIP LA Med Office Lender L.L.C.
snewman@gibsondunn.com

Walter K Oetzell on behalf of Plaintiff John J Menchaca, Chapter 7 Trustee
woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com

Walter K Oetzell on behalf of Trustee John J Menchaca (TR)
woetzell@dgdk.com, DanningGill@gmail.com;woetzell@ecf.inforuptcy.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          F 9013-3.1.PROOF.SERVICE

Danielle A Pham on behalf of Interested Party Wolfson Dynamic Hearing, Pty Limited
dpham@gordonsilver.com

Uzzi O Raanan, ESQ on behalf of Interested Party Courtesy NEF
uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Uzzi O Raanan, ESQ on behalf of Other Professional Danning Gill Diamond & Kollitz LLP
uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Uzzi O Raanan, ESQ on behalf of Trustee John J Menchaca (TR)
uor@dgdk.com, DanningGill@gmail.com;uraanan@ecf.inforuptcy.com

Mary H Rose on behalf of Interested Party House Clinic Foundation
mrose@buchalter.com, mrose@buchalter.com

Mary H Rose on behalf of Interested Party House Ear Institute
mrose@buchalter.com, mrose@buchalter.com

Steven J Schwartz on behalf of Trustee John J Menchaca (TR)
sschwartz@dgdk.com, DanningGill@gmail.com;sschwartz@ecf.inforuptcy.com

Gary F Torrell on behalf of Interested Party Courtesy NEF
gft@vrmlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Pamela Kohlman Webster on behalf of Interested Party Courtesy NEF
pwebster@buchalter.com, smartin@buchalter.com

Eric D Winston on behalf of Defendant CARMEN PULIAFITO, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant CATHERINE MEYER, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant CHARLOTTE SCHAMADAN, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant DAVID H. KOCH, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant DERALD E. BRACKMAN, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant David Z D'Argenio
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant EDWARD P. ROSKI, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant FOREST G. SMITH, III, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant JAMES D. BOSWELL, an individual
ericwinston@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

Eric D Winston on behalf of Defendant JAMES S. TWERDAHL, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant JOAN G. FLAX, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant JOHN THOMAS, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant JOHN W. HOUSE, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant LAURENCE G. PREBLE, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant LYNN BOOTH, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant MALCOLM CUTLER, JR., an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant PATRICIA MOLLER, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant PETER WU, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant ROBERT G. HAYMAN, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant Rick Caruso
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant STEPHEN CHANDLER, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant TINA CARUSO, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant TOMILEE TILLEY GILL, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant WALLIS ANNENBERG, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant WILLIAM LUXFORD, an individual
ericwinston@quinnemanuel.com

Eric D Winston on behalf of Defendant William B Witte
ericwinston@quinnemanuel.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        F 9013-3.1.PROOF.SERVICE